State v. Cheek

STATE OF NORTH CAROLINA v. JERRY CHEEK

No. 7019SC644

(Filed 30 December 1970)

Constitutional Law § 32; Criminal Law § 158— denial of counsel — validity of order — conclusiveness of record

   Where the record on appeal was completely silent as to any evidence upon which the trial court based its order denying counsel to defendant, the Court of Appeals will assume that the order was correct and was based upon sufficient evidence to support the finding that defendant was not indigent.

APPEAL by defendant from *Godwin, Special Judge,* 27 April 1970 Criminal Session, Superior Court of RANDOLPH County.

Defendant was charged in separate warrants with two counts of assault with a deadly weapon and entered a plea of not guilty to each charge. The cases were consolidated for trial. He was not represented by counsel. It appears that defendant's case was called for trial 27 April 1970. Judge Godwin inquired of defendant whether he wanted counsel. Defendant replied that he did but had no money. He stated that he had tried to obtain counsel some two weeks prior to trial but both lawyers to whom he had talked wanted "cash, money on the barrelhead." Further questioning revealed that on previous appearances for trial on these charges he had said he could not employ counsel, and at the next preceding session of court on 3 April 1970, Judge Beal had, upon inquiry, determined that he was not indigent and directed that he be ready for trial, with or without counsel, at the next session of court. Whereupon Judge Godwin found him not to be indigent, denied the request for appointment of counsel, and proceeded with the trial.

The jury returned a verdict of guilty to each charge. From judgment entered on each verdict, the defendant appealed. On

appeal the defendant is represented by privately retained counsel.

*Attorney General Morgan, by Assistant Attorney General Rich for the State.*

*Sammie Chess, Jr., for defendant appellant.*

MORRIS, Judge.

Defendant brings forward two assignments of error. The first is to the ruling of the court that defendant was not entitled to counsel and the second is to the failure of the court to inquire into defendant's financial condition as of the date the case was called for trial.

Defendant's assignments of error are based on exceptions Nos. 1 and 2. Both these exceptions are to the order of Judge Beal entered on 3 April 1970 as follows:

> "It appearing to the undersigned Judge from the affirmations made by the applicant and after due inquiry made, that the applicant is financially able to provide the necessary expenses of legal representation, it is, therefore,
>
> ORDERED AND ADJUDGED that he is not an indigent, and his request is hereby denied."

Defendant, in his brief, does not argue that Judge Beal's order is not based on sufficient evidence, but rather the entire brief is directed to the proceedings at trial 24 days later conducted by Judge Godwin. No exception is taken to these proceedings which resulted in a finding that defendant was not indigent. Since the only exceptions appearing in the record before us are not set out in defendant's brief and no reason or argument is stated and no authority cited with respect thereto, Rule 28, Rules of Practice in the Court of Appeals of North Carolina, would ordinarily require that the exceptions be deemed abandoned. It appears, however, that the record is completely silent as to any evidence upon which Judge Beal's order denying counsel was based. We, therefore, assume that the order was correct and based upon evidence sufficient to support the finding the defendant was not indigent. The exceptions are overruled.

The Attorney General has filed a motion asking that the appeal be dismissed for failure to docket on time. It does appear that defendant obtained an extension of time within which to

docket the record on appeal in this Court but failed to docket it within the time allowed by the order granting the extension of time. However, in view of the disposition of the appeal, the motion is denied.

Affirmed.

Judges BROCK and VAUGHN concur.